IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HINSHAW,<br><br>    Plaintiff,<br><br>  v.<br><br>THE VESSEL, M/V AURORA, and AL BOURAQ AVIATION, INC., a Delaware Corporation,<br><br>    Defendants.<br>_____/ | No. C 05-3927 CW<br><br>ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT |

    Plaintiff John Hinshaw moves for leave to file his first amended complaint.  Defendants M/V Aurora (the Vessel) and Al Bouraq Aviation, Inc. oppose this motion.  The matter was submitted on the papers.  Having considered all of the papers filed by the parties and oral argument, the Court grants Plaintiff's motion.

BACKGROUND

    On February 17, 2006, Plaintiff filed notice of his motion for leave to file his first amended complaint.  He sought to add new

1  claims for conversion and replevin arising out of the alleged
2  taking of his personal property from the Vessel, and a new cause of
3  action to recover under an agreement between the parties for
4  payment of a commission related to a possible sale of the Vessel.
5  In addition, Plaintiff sought to amend his complaint to set forth
6  more accurately the amount and nature of the claims he previously
7  plead.

8  On March 9, Plaintiff filed his Amended Motion to File First
9  Amended Complaint with Consent of Defendants.  He attached a new
10 version of his proposed first amended complaint, dropping the new
11 claims.  Plaintiff's counsel stated that Defendants agreed to
12 consent to the filing of a first amended complaint, provided that
13 it was the complaint attached to the amended motion, and not the
14 one attached to his original notice of motion for leave to amend.
15 Plaintiff does not include a summary of the proposed changes to his
16 original complaint.  The changes appear to be expanding the
17 allegations in Paragraph 7, alleging that his damages are $191,952
18 plus interest, not $148,888 plus interest and substituting 46
19 U.S.C. § 10313 for 46 U.S.C. §§ 596 and 597, which Defendants note
20 are expired provisions.

21 The next day, Defendants filed their opposition to Plaintiff's
22 amended motion for leave to amend.  Acknowledging that Plaintiff
23 had filed a new first amended complaint the day before, Defendants
24 stated that they still opposed the motion because the Vessel is a
25 "dead ship" and was never "in navigation" during the period in
26 question and therefore this Court lacks jurisdiction.

27 On April 14, 2006, following the parties' stipulation to

2

1 continue the hearing on Plaintiff's motion, Plaintiff filed his
2 reply brief.  In addition, he submitted a third version of his
3 proposed first amended complaint.  Plaintiff's counsel explained,

> Based on events and circumstances occurring since the original motion herein for leave to amend was filed, coupled with the contention of defendant [sic] that the allegations of jurisdiction were lacking in the proposed First Amended Complaint (based principally on facts outside the scope of the proposed First Amended Complaint), I have prepared, on behalf of Plaintiff, a NEW proposed First Amended Complaint which Plaintiff now seeks to file, a copy of which is attached . . . .  The new proposed amended complaint adds specific allegations stating that the court has <u>diversity of citizenship</u> jurisdiction, and it also now adds a new count for <u>declaratory relief</u> based on an oral agreement between the parties to pay my client commissions of 10% upon sale of the subject vessel.

Sharif Dec. (emphasis in original).

### LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires."  Leave to amend lies within the sound discretion of the trial court, which discretion "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities."  <u>United States v. Webb</u>, 655 F.2d 977, 979 (9th Cir. 1981) (citations omitted).  Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality."  <u>Id.</u>; <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1987).

### DISCUSSION

As noted above, Plaintiff has submitted three proposed first amended complaints, all different.  The Court will not consider the one included with Plaintiff's reply.  It will consider only the

3

1  proposed amended complaint submitted with Plaintiff's amended
2  motion for leave to file a first amended complaint with consent of
3  Defendants.  If Plaintiff wishes to add a new claim for declaratory
4  relief, he must file another motion for leave to amend.
5     The Supreme Court has identified four factors relevant to
6  whether a motion for leave to amend should be denied: undue delay,
7  bad faith or dilatory motive, futility of amendment, and prejudice
8  to the opposing party.  Foman v. Davis, 371 U.S. 178, 182 (1962).
9  The Ninth Circuit holds that these factors are not of equal weight;
10 specifically, delay alone is insufficient ground for denying leave
11 to amend.  Webb, 655 F.2d at 980.  But, as Defendants note,
12 "Futility of amendment can, by itself, justify the denial of a
13 motion for leave to amend."  Bonin v. Calderon, 59 F.3d 815, 845
14 (9th Cir. 1995).
15    Defendants argue that Plaintiff's amendment to the complaint
16 would be futile and thus his motion for leave to amend must be
17 denied.  The Ninth Circuit instructs that "a proposed amendment is
18 futile only if no set of facts can be proved under the amendment to
19 the pleadings that would constitute a valid and sufficient claim or
20 defense."  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th
21 Cir. 1988); see also SAES Getters S.p.A. v. Aeronex, Inc., 219 F.
22 Supp. 2d 1081, 1086 (S.D. Cal. 2002)("an amendment is 'futile' only
23 if it would clearly be subject to dismissal").
24    Here, as Plaintiff notes, Defendants' argument that this Court
25 does not have jurisdiction is based on facts that were not alleged
26 in the original complaint or the first amended complaint.
27 Defendants contend that the Vessel is a "dead ship" and therefore
28                                4

not subject to admiralty or maritime law.  See Robert E. Blake Inc. v. Excel Env't, 104 F.3d 1158 (9th Cir. 1997).  Whether the Vessel is a dead ship, however, is a factually disputed issue.  Thus, Plaintiff's amendment may not be futile.

Furthermore, even assuming that the Court lacks admiralty jurisdiction, Plaintiff alleges, in his original and first amended complaints, that he is a citizen of Washington and that Defendant Al Bouraq Aviation is a citizen of Delaware and that the amount in controversy exceeds $75,0000.  If a complaint provides facts showing jurisdiction, the failure to reference the specific code section -- here, 28 U.S.C. § 1332 -- does not subject the complaint to dismissal.  For example, in Nationwide Mutual Insurance Co. v. Liberatore, 408 F.3d 1158, 1162 (9th Cir. 2005), the court found that, because the existence of federal subject-matter jurisdiction was readily discernable from the face of the complaint, the district court did not err by denying the government's motion to dismiss, even though the plaintiff failed to plead an independent basis for federal jurisdiction.  The court noted, "Although it is preferable that a district court require formal amendment of a defective complaint, formal amendment is not required when the reviewing court can readily recognize the existence of jurisdiction."  Id. at n.2 (inner citations omitted).

Plaintiff's amendments to his original complaint are not clearly subject to dismissal; they are not futile.  Nor are they brought in bad faith with undue delay.  Defendants do not argue prejudice.  DCD Programs, 833 F.2d at 186 (party opposing the motion bears the burden of showing prejudice).  Therefore, the

5

1  Court grants Plaintiff's amended motion for leave to amend.

2                              CONCLUSION

3       For the foregoing reasons, Plaintiff's Amended Motion to File
4  First Amended Complaint with Consent of Defendants  (Docket No. 48)
5  is GRANTED.  Plaintiff is granted leave to file the first amended
6  complaint that was included with his amended motion.

7       IT IS SO ORDERED.

9  Dated: 5/12/06

                                            _____
                                            CLAUDIA WILKEN
                                            United States District Judge