1
2
3
4
5
6
7             IN  THE  UNITED  STATES  DISTRICT  COURT
8          FOR  THE  NORTHERN  DISTRICT  OF  CALIFORNIA
9

10   JACK HINSHAW,                          No. C 05-3927 CW

11            Plaintiff,

12      v.                                  ORDER DENYING THE
                                            GESVI LAW FIRM'S
13   THE VESSEL M/V AURORA, and AL BOURAQ   REQUEST FOR
     AVIATION, INC., a Delaware             ATTORNEYS' FEES
14   Corporation,

15            Defendants.

16   _____/

17
18
19        Plaintiff Jack Hinshaw's former counsel, the Gesvi Law Firm

20   (Gesvi), requests this Court to determine the value of its

21   attorneys' lien for twenty percent of Plaintiff's settlement

22   (Docket No. 197).  Plaintiff opposes the award of any attorneys'

23   fees for Gesvi.  The matter was decided on the papers.  Having

24   considered the papers filed by Plaintiff and Gesvi, the Court

25   denies Gesvi's request for attorneys' fees.

26                          BACKGROUND

27        On October 7, 2005, Plaintiff signed an attorney-client

28   retainer agreement with Gesvi.  The agreement provides that

United States District Court
For the Northern District of California

Plaintiff will pay Gesvi the "sum of 40 (forty) percent of the gross recovery should a lawsuit be filed to commence litigation proceedings."  It explains, "Although Attorney's right to reimbursement for expenses or costs advanced under this agreement is not contingent upon a successful outcome, fees are subject to recovery as follows: 'NO RECOVERY - NO FEES'".

Gesvi is located in Southern California.  Sid M. Sharif, an attorney at Gesvi, states that he and Plaintiff understood that, if the vessel at issue was moved to San Francisco, Mr. Sharif would find local counsel to make court appearances.  Plaintiff, however, states that it was Mr. Sharif's "unilateral decision" to find someone to stand in for him in San Francisco.

On September 28, 2005, Plaintiff initiated this action.  Mr. Sharif was the only attorney listed on the complaint, which noted that the Vessel M/V Aurora (the Vessel) was located in the City and County of San Francisco and that this Court had jurisdiction over it.  In January, 2006, Timothy R. Lord, an attorney in San Francisco, became Mr. Sharif's co-counsel in this case.  Plaintiff was displeased with Mr. Lord's performance at a mediation.  The relationship between Plaintiff and Mr. Lord broke down and, on May 12, 2006, Mr. Lord filed a notice disassociating himself as Plaintiff's counsel.  According to Plaintiff, Mr. Lord withdrew because Plaintiff sent Mr. Sharif a letter complaining about Mr. Lord and Mr. Sharif then sent that letter to Mr. Lord.

Shortly thereafter, Gesvi filed a motion for an order permitting it and Mr. Sharif to withdraw as Plaintiff's counsel. In support of the motion, Mr. Sharif stated:

2

**United States District Court**
For the Northern District of California

> While I am unable to disclose the contents of my communications with my client because of the attorney-client privilege, there has been, in my opinion, a breakdown in the relationship between myself and Mr. Hinshaw, and particularly between the client and my associate counsel in San Francisco, Mr. Lord.  I am unable to represent Mr. Hinshaw without assistance from counsel located in the San Francisco area near the Courthouse.  Mr. Lord has already filed a notice of disassociation in this case, although it was done without my consent or that of the client.  There also exists a substantial disagreement between Mr. Hinshaw and me, regarding how the case should be prosecuted, and Mr. Hinshaw has reflected his dissatisfaction with the representation of both counsels.  Mr. Hinshaw has also demanded that I expand the scope of my original representation without compensation, i.e., relating to a potential claim for sales commissions entailed in second amended complaint [sic] promising a bonus only.

(Docket No. 70).

On July 6, 2006, after Plaintiff consented to substitute himself in pro per in place of counsel, the Court granted Gesvi's and Mr. Lord's motions to withdraw.  Mr. Sharif states that, even after the withdrawal, he twice helped Plaintiff draft some pleadings and that Plaintiff agreed to pay him $250.00 an hour, half of what Mr. Sharif normally charges on an hourly basis.  Mr. Sharif states that Plaintiff has never paid him.  In Plaintiff's reply, he states that there was no discussion of fees for these legal services and that Mr. Sharif provided him with no invoice. Without providing further explanation, Plaintiff states that the work Mr. Sharif did after his withdrawal as counsel "was for his benefit as much as mine."

On March 21, 2007, Gesvi filed a notice of lien for attorneys' fees.  The Court denied without prejudice Plaintiff's pro se motion to reject or to quash the lien.  Because Plaintiff had not yet recovered damages, the Court did not address whether Gesvi's

3

withdrawal was justified or whether services provided by the firm were intended to and did benefit Plaintiff.

DISCUSSION

The Notice of Lien for Attorneys' Fees provides that Gesvi claims a lien in the amount of forty percent of "the gross settlement as per retainer agreement."  In Mr. Sharif's October 17, 2007 declaration, he states that Gesvi seeks to enforce the lien for twenty percent of the settlement amount, which he claims represents half of his attorneys' fees.  However, in Mr. Sharif's November 16, 2007 declaration, he has reinstated his original request for forty percent of the settlement.  Plaintiff argues that Gesvi is not entitled to any fees, including recovery in quantum meruit.

An attorney who voluntarily withdraws from a case without good cause forfeits recovery for services performed.  Estate of Falco v. Decker, 188 Cal. App. 3d 1004, 1014 (1987).  However, if the attorney has "justifiable cause" for withdrawing, recovery for services in quantum meruit is allowed.  Id.  Justifiable cause for withdrawal can exist where an attorney becomes incapable of performing the agreed upon services.  Cazares v. Saenz, 208 Cal. App. 3d 279, 285 (1989) ("Where a contract contemplates the personal services of a party, performance is excused when that party dies or becomes otherwise incapable of performing.").  Withdrawing from a case due to personality clashes, however, "is not necessarily a justifiable reason for purposes of awarding fees."  Falco, 188 Cal. App. 3d at 1014.

As explained in Rus, Miliband & Smith v. Conkle & Olesten:

4

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

> To allow an attorney under a contingency fee agreement to withdraw without compulsion and still seek fees from any future recovery is to shift the time, effort and risk of obtaining the recovery . . . from the attorney, who agreed to bear those particular costs in the first place, to the client . . . . It is a very tough row which a contingency fee attorney originally agrees to hoe.  Thus it is unassailably unfair to allow him or her to escape that labor absent the most compelling of permissive reasons -- reasons that, as <u>Falco</u> indicated, must pass heightened scrutiny.

113 Cal. App. 4th 656, 675-76 (2003).

Mr. Sharif claims that he withdrew for several reasons. First, Mr. Sharif states that he was unable to continue representing Plaintiff without local co-counsel because he could not travel from his office in Southern California to San Francisco due to a medical condition.  Mr. Sharif further states that he could not find a replacement for the local co-counsel who withdrew because he could not find another attorney who was willing to take the case on a contingent-fee basis.  Given Mr. Sharif's existing medical condition, the risk that he might not have been able to represent Plaintiff if he could not find local co-counsel was foreseeable.  Mr. Sharif has not presented a compelling reason to shift this risk to Plaintiff.

Mr. Sharif also provides several examples of Plaintiff's conduct that he claims made it unreasonably difficult for him to proceed with the litigation.  For example, Mr. Sharif states that Plaintiff rejected his advice to accept a settlement offer of $175,000.  However, a client's refusal to accept a settlement cannot in itself constitute cause for withdrawal.  <u>Falco</u>, 188 Cal. App. 3d at 1018.

Mr. Sharif also states that, against his advice, Plaintiff

5

United States District Court

For the Northern District of California

caused a mediation to fail by revealing the identity of the seller
of the Vessel to the buyer.  Mr. Sharif claims that, once the
mediation broke down, he had to expand the scope of his
representation by filing a new motion and two amended complaints.
Mr. Sharif states that Plaintiff would not sign a new retainer
agreement commensurate with this expanded scope of representation.
Even if Mr. Sharif expanded the scope of his representation without
a new retainer agreement, the crucial element in determining
whether he should receive attorneys' fees "is the existence of a
justifiable reason for withdrawing, not the quantity of time
expended."  Falco, 188 Cal. App. 3d  at 1014.

Although Mr. Sharif's examples are indicative of a personality
clash between himself and Plaintiff, they do not sufficiently
establish that he was incapable of representing Plaintiff.  See
Cazares, 208 Cal. App. 3d at 285.

The cases that Mr. Sharif cites are inapposite.  In Moore v.
Fellner, 50 Cal. 2d 330, 338 (1958) and Mardirossian & Associates,
Inc. v. Ersoff, 153 Cal. App. 4th 257, 262 (2007), the plaintiff
attorneys were awarded fees after being terminated by their
respective clients.  Here, the attorney, Mr. Sharif, permissively
withdrew from representation.

Mr. Sharif has sufficiently justified his permissive
withdrawal from the case.  However, "[t]he law governing an
attorney's right or duty to merely withdraw from a case—and be done
with it for good—is a different question than an attorney's right
to withdraw and then later recover."  Rus, 113 Cal. App. 4th at 673
(internal quotations omitted).  Because Mr. Sharif permissively

6

1  withdrew from the case, the Court must evaluate his reasons for

2  doing so with heightened scrutiny.  <u>Rus</u>, 113 Cal. App. 4th at

3  675-76.  When viewed in this light, Mr. Sharif's reasons for

4  withdrawing are not compelling enough to justify an award of

5  attorneys's fees.  Accordingly, Gesvi's request for attorneys' fees

6  is denied.

                              CONCLUSION

8      For the foregoing reasons, the Court denies Gesvi's request

9  for attorneys' fees (Docket No. 197).

11     IT IS SO ORDERED.



13  Dated: 12/6/07

                              _____
14                            CLAUDIA WILKEN
                              United States District Judge

**United States District Court**
For the Northern District of California